Opinion by Judge REINHARDT; Concurrence by Judge REINHARDT; Partial Concurrence and Partial Dissent by Judge FERGUSON.
REINHARDT, Circuit Judge.
This case raises the question whether social workers are entitled to absolute immunity for verified statements in petitions filed with a dependency court. We hold that they are, both with respect to depen *1099 dency petitions and custody petitions, as well as the statement of facts submitted therewith.
FACTUAL AND PROCEDURAL BACKGROUND [1]
Since his premature birth on June 5, 1998, Coby Beltran (“Coby”) has suffered from numerous medical maladies, including an undiagnosed and unsuccessfully treated bowel motility problem. Coby’s gastrointestinal problems led to occasions where his Body Mass Index fell below the fifth percentile, putting him at risk of significant long-term damage. During the first four years of Coby’s life, Child Protective Services Department of the Social Services Agency of Santa Clara County (“the Department”) received four separate referrals based on claims that Coby’s mother suffered from Munchausen Syndrome by Proxy, a condition in which a parent (generally the mother) takes affirmative steps to keep her child ill in order to gain medical attention. Social workers investigated each referral and, each time, deemed the referral “unfounded.”
This case involves the results of a fifth referral of suspected abuse based on Mun-chausen Syndrome by Proxy received, in July 2002, from one of Coby’s doctors. Melissa Suarez (“Suarez”), a case worker employed by the Department, investigated this referral. On August 12, 2002, following the investigation, Suarez’s supervisor, Emily Tjhin (“Tjhin”), signed and filed a dependency petition pursuant to California Welfare and Institutions Code § 800, seeking to have Coby made subject to the jurisdiction of the juvenile court. The dependency petition included a three-page statement of facts that described the findings of Suarez’s investigation. The Bel-trans assert that much of this information is untrue and that Suarez and Tjhin deliberately fabricated evidence and suppressed information favorable to the Beltrans.
Suarez also signed and filed an Application and Custody Petition in Support of Protective Custody Warrant (“custody petition”) pursuant to California Welfare and Institutions Code § 340, requesting permission to remove Coby from his home pending the conclusion of the dependency proceedings. The custody petition incorporated the dependency petition by reference. A Protective Custody Warrant was issued by the court that same day. Two days later, on August 14, 2002, Coby was removed from his parents’ custody pursuant to the warrant and placed in a children’s shelter. On August 19, 2002, an initial detention hearing was held and the court found that Coby should be detained and temporarily placed under the care and supervision of the Department of Family and Children’s Services. However, on September 16, 2002, after a full hearing, the dependency petition was denied and Coby was returned to his parents by order of the juvenile court.
The Beltrans brought suit against Suarez and Tjhin under 42 U.S.C. § 1983 for their actions in connection with the temporary removal of Coby from their custody and the attempt to place him under the care and supervision of the state agency, alleging violations of their rights of family association, privacy, and freedom from unreasonable seizure. The district court concluded that Tjhin and Suarez were entitled to absolute immunity for their actions in connection with the signing and filing of the custody and dependency petitions, and dismissed the federal law claims that arose out of those actions.[2]
*1100 ANALYSIS
The touchstone of the absolute immunity-analysis is the “nature of the function performed, not the identity of the actor who performed it.” Kalina v. Fletcher, 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). Courts grant absolute immunity from liability for suits arising out of the performance of functions that are necessary to the judicial process. Miller v. Gammie, 335 F.3d 889, 896 (9th Cir.2003) (en banc) (citing Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). At early common law, this included most actions of judges, grand jurors, and prosecutors. Imbler, 424 U.S. at 422-24, 96 S.Ct. 984. Witnesses testifying in court received absolute immunity, but “complaining witnesses,” those swearing to the facts in the initial complaint, did not. Kalina, 522 U.S. at 130-31, 118 S.Ct. 502; Burns v. Reed, 500 U.S. 478, 489-90, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Absolute immunity has been extended to the actions of other state actors when they engage in functions that are quasi-prosecu-torial or quasi-judicial. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36, 113 S.Ct. 2167,124 L.Ed.2d 391 (1993); see also Miller, 335 F.3d at 897. However, the Court has not recognized absolute immunity for acts that are “further removed from the judicial phase of proceedings than the act of a prosecutor in seeking an indictment.” Kalina, 522 U.S. at 128, 118 S.Ct. 502 (quoting Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)). In this circuit, we have determined that under this framework social workers are entitled to absolute immunity for their “actions in investigating and presenting evidence to the dependency court.” Doe v. Lebbos, 348 F.3d 820, 825 (9th Cir.2003).
On appeal, plaintiffs argue, first, that Tjhin is not eligible for absolute immunity for swearing to the facts in the dependency petition because when she did so she was acting as a complaining witness, not entitled to immunity. See Kalina, 522 U.S. at 129, 118 S.Ct. 502. Second, they argue that Suarez is not entitled to absolute immunity for filing the custody petition, because this action is analogous to that of a police officer filing an arrest warrant, for which only qualified immunity is available. See Malley, 475 U.S. at 343, 106 S.Ct. 1092.
Here, as in Lebbos, plaintiffs complain that the social workers failed to properly investigate the case prior to filing the petitions and that they deliberately fabricated evidence presented to the dependency court. Lebbos extends absolute immunity to the failure to investigate possible exculpatory evidence and to the fabrication of evidence in dependency petitions. Lebbos, 348 F.3d at 826. Immunity exists because the social workers “engaged in these actions as part of [their] initiation and pursuit of child dependency proceedings” and, therefore, they “had the ‘requisite connection to the judicial process’ to be protected by absolute immunity.” Id. (quoting Miller, 335 F.3d at 896). Thus, under Lebbos, the defendants are entitled to absolute immunity.
Plaintiffs urge us to distinguish Lebbos because Tjhin filed the dependency petition under penalty of perjury, and Lebbos fails to specify that the social worker did so in that case. Plaintiffs argue that it is the act of verifying the petition that makes the social worker like a complaining witness. However, the social worker in Lebbos undoubtedly verified the statements in her dependency petition as California law *1101 requires that dependency petitions be presented by a social worker, that they include a statement of facts, and that they “shall be verified.” Cal. Welf. & Inst. Code §§ 325, 332.
Even if the Lebbos social worker did not do so, Lebbos holds that social workers are immune for their “actions in investigating and presenting evidence to the dependency court,” which must realistically under the California procedure include verifying the petition. Lebbos, 348 F.3d at 825. The social worker’s responsibility to investigate the complaint puts her in a different position vis-a-vis the legal proceeding than the prosecutor in Kalina who, by verifying a petition, “performed an act that any competent witness might have performed.” Kalina, 522 U.S. at 129-30, 118 S.Ct. 502. Only a social worker who performed or supervised the investigation can verify the information presented to the court regarding that investigation. No one else can report both the opinions of those who interact with the family and the results of the investigation, which include the investigator’s observations of the home and the family interactions, and the Department’s assessment of the relative credibility of the parties. In verifying a petition with this information, the social worker or her supervisor does not take a “shortcut,” as the dissent argues. Dis. op. at 1107. She provides the court with valuable information not otherwise available and verifies that information, which, by law, must be verified. Moreover, rather than acting in a way that is inconsistent with “the ethics of [her] profession,” as the prosecutor did in Kalina, she is performing her responsibilities as defined by California law. Kalina, 522 U.S. at 129-30, 118 S.Ct. 502. It would defy reason to hold that a social worker is immune for investigating the case, preparing and filing the petition, and presenting evidence to the court, but not for signing and verifying the petition that she is required to prepare and present and that describes the investigation she is required to perform or supervise. Like all of these other acts, signing and verifying the petition is “part of [the] initiation and pursuit of child dependency proceedings.” Lebbos, 348 F.3d at 825. Such acts are even more closely connected to the prosecution of the case than the investigation, since the petition is actually presented to the court. Accordingly, plaintiffs’ attempts to distinguish Lebbos on these grounds must fail.
Plaintiffs also argue that even if absolute immunity is applicable to the acts of signing and verifying dependency petitions, social workers should not be absolutely immune for similar acts with respect to custody petitions. They contend that filing the latter form of petition is analogous to filing a motion for an arrest warrant and, as such, is “further removed from the judicial phase of ... proceedings.” Kalina, 522 U.S. at 128, 118 S.Ct. 502 (quoting Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)). This argument is likewise unavailing. We have already held that social workers are entitled to absolute immunity for filing custody petitions. Coverdell v. Dep’t of Soc. & Health Sews., 834 F.2d 758, 764 (9th Cir.1987). Although the Supreme Court has discussed absolute immunity since Coverdell was decided, and Coverdell was limited in part by Miller, 335 F.3d 889, the rationale of Lebbos makes clear that in this circuit Coverdell’& holding on this point is still good law. Like filing a dependency petition, filing a custody petition is “part of [the] initiation and pursuit of child dependency proceedings.” Lebbos, 348 F.3d at 826. This close relationship to the prosecution of the case is similar to that which exists when prosecutors file petitions for arrest warrants, an act for which absolute immunity is afforded. See Kalina, 522 U.S. at 129, 118 S.Ct. 502. *1102 Indeed, the act of a social worker of filing a custody petition is more integrally associated with the prosecution of the case than the act of a prosecutor in filing an arrest warrant. A custody petition cannot be filed without a dependency petition and rests on the same facts as the dependency petition. Also, like the dependency petition, it is filed with the dependency court in order to protect the child. Thus, it serves the same goal as the dependency petition and is part of the same judicial proceeding. Accordingly, we hold that, under Lebbos, social workers have absolute immunity for preparing and filing custody petitions, just as they do for preparing and filing dependency petitions. We also hold that, in light of the relationship we have just described between the two types of petitions, the acts of signing and verifying custody petitions are covered by absolute immunity for the same reasons that signing and verifying dependency petitions are.
Plaintiffs further contend that the California legislature has rejected absolute immunity for social workers’ submission of facts to the dependency court, and that we are bound by California law. California Government Code § 820.21 purports to strip social workers of absolute immunity from liability for perjury, fabrication of evidence, and failure to disclose exculpatory evidence if committed with malice.[3] Although this Act eliminates immunity under state law, immunity for § 1983 purposes is set by federal law and cannot be overridden by state legislatures. Wallis v. Spencer, 202 F.3d 1126, 1144 (9th Cir.2000). Courts considering social workers’ immunity under federal law after the passage of § 820.21, including the Lebbos court, have, accordingly, universally ignored the statute. See, e.g., Lebbos, 348 F.3d 820; Miller, 335 F.3d 889; Mabe v. San Bernardino County Dep’t of Pub. Soc. Servs., 237 F.3d 1101, 1109 (9th Cir.2001).
In holding that the social workers are immune for their actions in this case, we are not granting social workers absolute immunity for “everything they do,” as the plaintiffs argue. Rather, we follow Lebbos in recognizing a distinction between the initiation and pursuit of dependency proceedings and other discretionary decisions and recommendations. Nothing in this decision undermines our holdings in Lebbos and in Wallis, that social workers are not entitled to absolute immunity for their actions relating to the maintenance and care of children in state custody. Consistent with these cases, we afford absolute immunity to social workers only for those actions that are closely connected to the judicial process.
CONCLUSION
We are bound by Lebbos and, accordingly, affirm the district court’s grant of summary judgment on grounds of absolute immunity as to both Suarez and Tjhin for their actions in preparing, verifying, and *1103 filing the dependency and custody petitions.
AFFIRMED.

. Because this case is before the panel on a 12(b)(6) motion, we must take all factual allegations in the complaint as true, construing them in the light most favorable to the moving party. Grosso v. Miramax Film Corp., 400 F.3d 658 (9th Cir.2005).

. In district court, the Beltrans also alleged that various constitutional violations occurred *1100 while Coby was in custody. Those violations are not at issue on this appeal. Accordingly, defendants’ motion to strike pages 14 through 21 of appellants' opening brief relating to these later violations is granted.

. The statute states:
Notwithstanding any other provision of the law, the civil immunity of juvenile court social workers, child protection workers, and other public employees authorized to initiate or conduct investigations or proceedings pursuant to Chapter 2 (commencing with Section 200) of Part 1 of Division 2 of the Welfare and Institutions Code shall not extend to any of the following, if committed with malice:
(1) Perjury.
(2) Fabrication of evidence.
(3) Failure to disclose known exculpatory evidence.
(4) Obtaining testimony by duress, as defined in Section 1569 of the Civil Code, fraud, as defined in either Section 1572 or Section 1573 of the Civil Code, or undue influence, as defined in Section 1575 of the Civil Code.
Cal. Gov’t Code § 820.21(a).